IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cr-71 |
| v. | ) | |
| | ) | |
| DEMETRIUS FORD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending now before the Court are the MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS WITH BRIEF IN SUPPORT THEREOF *(Document No. 31)* and MOTION TO REVEAL IDENTITY OF CONFIDENTIAL INFORMANT (*Document No. 32*) filed by Defendant. The Government has filed a brief in opposition to the motions (*Document No. 36*) and they are ripe for disposition.

1.  Motion to Dismiss

Defendant Demetrius Ford is charged with the unlawful possession of a firearm in and affecting interstate commerce by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant argues that this Court should strike down Section 922(g) because it does not purport to regulate an activity that *substantially* affects interstate commerce, as required in light of the Supreme Court's recent commerce clause opinions.

Defendant concedes that case law in the United States Court of Appeals for the Third Circuit has interpreted the "interstate commerce element" to require only that the firearm has, at any time during its existence, been transported from one state to another. *United States v.*

*Singletary*, 268 F.3d 196 (3d Cir. 2001).  One of the firearms at issue in this case was manufactured in Arizona and the other was manufactured in California.  Each was found in Pennsylvania.

As Defendant properly recognizes, *Singletary* is binding on this Court and has rejected the argument Defendant makes in this motion.  *See also United States v. Shambry*, 392 F.3d 631 (3d Cir. 2004).  Accordingly, the MOTION TO DISMISS THE INDICTMENT ON JURISDICTIONAL GROUNDS (Document No. 31) is hereby **DENIED**.

      2.      Motion to Reveal Confidential Informant

Trooper Michael Poulos obtained a search warrant to search Defendant's home based on information he obtained from a confidential informant.  During execution of the search warrant, two guns were discovered.  Defendant seeks to learn the identity of the confidential informant so that he is able to prepare his defense for the suppression hearing, which is currently scheduled for April 23, 2007.  Defendant submits that he will be unduly prejudiced if the informant's identity is not disclosed prior to the suppression hearing.

In response, the Government contends that the issues to be resolved at the suppression hearing are entirely unrelated to the confidential informant.  Specifically, the motion to suppress alleges that Mr. Ford was not advised of his *Miranda* rights.  In addition, the Government points out that Defendant has not met his burden to set forth a specific need for disclosure as required by case law.  Finally, the Government explains that the confidential informant was utilized merely to conduct controlled purchases of cocaine, which provided probable cause for the issuance of the search warrant and that Mr. Ford is not being charged with any crimes pertaining to these controlled purchases.  The confidential informant will not be called as a witness at either

the suppression hearing or at trial.

As Defendant's motion recognizes, disclosure of a confidential informant's identity involves a balance between the public interest in encouraging a flow of information concerning criminal activity and an individual's right to prepare his defense.  *Roviaro v. United States*, 353 U.S. 53, 62 (1957).  Defendant has the burden to establish the significance of the informant's testimony.  *See Pickel v. United States*, 746 F.2d 176, 181 (3d Cir. 1984).  In the instant case, Defendant has not met his burden.  Indeed, the Court cannot attribute any significance to testimony by the confidential informant because the gun possession charges at issue stemmed from the subsequent execution of a search warrant.  Tellingly, the Government represents that the confidential informant will not be a witness at the suppression hearing or at trial. Accordingly, the MOTION TO REVEAL IDENTITY OF CONFIDENTIAL INFORMANT (*Document No. 32*) is hereby **DENIED**.

SO ORDERED this 6th day of April, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Charles A. Eberle, AUSA
Email: charles.eberle@usdoj.gov

Linda E.J. Cohn, Esquire
Email: linda_cohn@fd.org

3