**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cr-71 |
| v. | ) | |
| | ) | |
| DEMETRIUS FORD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM ORDER

Defendant Demetrius Ford ("Defendant") has been charged with violating 18 U.S.C. §
922(g)(1), *i.e.*, possession of a firearm by a convicted felon.  Before the court for consideration
and disposition are Defendant's MOTION TO SUPPRESS STATEMENTS (*Document No. 30*)
and Defendant's MOTION TO SUPPRESS EVIDENCE (*Document No. 51*).  The government
has filed responses (*Document Nos. 36, 52*). The Court conducted a hearing on April 23, 2007.
At the conclusion of the suppression hearing, the Court granted the government's motion to
supplement the record regarding the commission of the district justice who had signed the search
warrant at issue.  Subsequently, the parties filed a JOINT MOTION OF THE PARTIES TO
ADMIT INTO EVIDENCE GOVERNMENT EXHIBIT #2 AND CLOSE THE RECORD WITH
RESPECT TO THE SUPPRESSION HEARING (*Document No. 53*).   The issues have been
fully briefed, and the motions are ripe for disposition.  After considering the filings of the parties,
the record and the relevant statutory and case law, the motions to suppress will be denied.


MOTION TO SUPPRESS STATEMENTS (*Document No. 30*)

Defendant's first motion seeks to suppress statements he made to law enforcement
officers on April 2, 2003 on the ground that they were made in violation of *Miranda v. Arizona*,
384 U.S. 436 (1966).  The record evidence does not support this contention.  On April 2, 2003,
when the eight officers arrived to execute the search warrant at defendant's residence, Apartment
#3, 1217 Lawrence Avenue, Ellwood City, PA, he was not at home.  However, while the search
was in progress, and after numerous items of contraband had been found, including the subject

firearms, defendant and his brother, Lee Ford, arrived at the apartment.  Defendant was handcuffed and taken into the back TV room of the residence.  The uncontradicted hearing testimony of Officers Michael Poulos and Louis Davis reflected that Defendant Ford was promptly advised of his Miranda warnings regarding his right to remain silent and to talk to an attorney, and he was notified that anything he did say could and would be used against him.  The record is also uncontroverted that defendant verbally waived his Miranda rights and willingly agreed to speak with the officers and show them around his apartment.  There is no evidence of coercion, threats, lack of understanding or request for a lawyer.  Defendant then told the officers that he would show them where in the apartment the drugs were located.  Defendant led the officers to the kitchen, where he showed them cocaine on the microwave, and to a bedroom closet.  Defendant then answered several questions about the two guns that had been found during the search of the premises admitting that one of the handguns was his (22 cal.) and the other (9 mm. Ruger) was left with him by a friend (Tucker) who was in jail.  He acknowledged having carried the Ruger around a couple of times.  Based on this record evidence, the Court finds that defendant was properly advised of his *Miranda* warnings and that he made a knowing, intelligent and voluntary waiver of his *Miranda* rights after which he made a number of incriminating statements to the officers.  Accordingly, Defendant's MOTION TO SUPPRESS STATEMENTS (*Document No. 30)* is **DENIED**.

### MOTION TO SUPPRESS EVIDENCE (*Document No. 51*)

Defendant's second motion to suppress evidence asserts that the search warrant was not based on probable cause and that the "good faith" exception does not apply. Counsel for Defendant also argued during the hearing that the District Justice's commission had apparently expired prior to the date of the issuance of the warrant.  Defendant further contends that the officers exceeded the scope of the warrant by seizing firearms and ammunition which were not

identified on Attachment A of the warrant as items to be searched and seized.[1]

The Court's scope of review of a search conducted pursuant to a warrant is generally limited to the four corners of the affidavit, and the standard of review is fairly limited:

> When faced with a challenge to a magistrate's probable cause determination, a reviewing court must remember that its role is limited. It is not to conduct a *de novo* review. Rather, it simply ensures that the magistrate had a substantial basis for concluding that probable cause existed. Of course, such deference does not mean that reviewing courts should simply rubber stamp a magistrate's conclusions. But it does mean that the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*United States v. Jones*, 994 F.2d 1051 (3d Cir. 1993) (citations and quotation marks omitted).

The Court is also mindful of the following principles:

> The task of the issuing magistrate is to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. In [*Illinois v. Gates*, 462 U.S. 213, 236 (1983)], the Supreme Court stated that probable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules. The supporting affidavit must be read in its entirety and in a commonsense and nontechnical manner. Statements in an affidavit may not be read in isolation-the affidavit must be read as a whole. Furthermore, the issuing judge or magistrate may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.

*United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (citations, quotation marks and brackets omitted).

The affidavit in this case was prepared by officer Michael Poulos, a Pennsylvania State Trooper since 1991 who had been exclusively involved in illegal narcotics investigations for the previous ten years. The affidavit contained exhaustive detailed information from multiple reliable sources regarding defendant's participation in drug trafficking in Beaver and Lawrence Counties for a number of years and defendant's criminal history of convictions of drug-related

---

[1] In response to a direct question from the Court regarding his failure to include firearms among the items to be seized in the search warrant, Office Poulos candidly admitted that the omission was an unfortunate oversight on his part. Nevertheless, for the reasons above stated, that oversight does not render the search and seizure illegal.

offenses.  The affidavit also described three controlled purchases of cocaine from Defendant by a confidential informant within the past month consummated inside the apartment to be searched. The most recent controlled buy occurred within 48 hours of the affidavit.  The affidavit also described police surveillance of defendant entering the apartment building and parking his car outside.

The Court finds and rules that the district justice had a substantial basis for concluding that probable cause existed to search Defendant's apartment, car and person.  Among other relevant facts, the affidavit establishes that the officer was well-trained and highly experienced, had personally been involved in a number of drug investigations, knew that Defendant had been convicted of multiple drug crimes, and corroborated the general information about defendant's history and activities by having three very recent controlled buys by a confidential informant conducted at the subject premises.  Under these circumstances the district justice had a substantial basis to conclude that probable cause existed.

If the Court were to assume arguendo that the affidavit was not sufficient to establish probable cause, the evidence would nevertheless not be suppressed in this case.  The Court finds and rules that the "good faith" exception would apply.  The "good faith" exception has been explained as follows:

> In *United States v. Leon*, 468 U.S. 897, 926, (1984), the Supreme Court held that evidence found to be unsupported by probable cause is, nevertheless, admissible when obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate judge.  The test for whether the good faith exception applies is whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.

*United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999) (citations and quotation marks omitted). There are four circumstances under which the *Leon* good faith exception does not apply: (1) when the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) when the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) when the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) when the

4

warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized. *United States v. Williams*, 3 F.3d 69, 74 n.4 (3d Cir. 1993). The Court finds and rules that there is no indication or evidence to support a conclusion that Trooper Poulos' reliance on the search warrant was not objectively reasonable and in good faith, or that any of the aforementioned exceptions apply to the factual circumstances of this case.

The Court also finds and rules that District Justice David B. Rishel, who was the issuing authority, was properly and validly commissioned at the time. On the face of the search warrant, Rishel wrote that the "Date Commission Expires" was January 6, 2003. As defense counsel astutely observed with the warrant having been issued on April 3, 2003, Rishel's commission had apparently expired prior to its issuance and the warrant could not therefore be valid. However, it is now apparent that the district justice's reference to 2003 was a mere notational error. As noted above, counsel have filed a joint motion to supplement the record. Government's Exhibit 2 conclusively establishes that the date that District Justice Rishel's commission expired, in actuality, was January 6, 2006. Accordingly, District Justice Rishel was duly commissioned at the time he acted as the issuing authority for the subject search warrant. Counsel's objection to the validity of the search warrant on this basis is without merit.

The Court will now address Defendant's argument that the firearms at issue in this case were not listed among the items to be seized on Attachment A of the search warrant. The Court observes from the uncontradicted testimony and therefore finds and rules that the officers discovered the subject firearms during the lawful search for the items to be seized as set forth in the search warrant. The police knew of defendant's prior criminal history and were immediately aware that his possession of a firearm would indeed be illegal and evidence of the crime of a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) as well as state law. In *United States v. Smith*, 62 Fed. Appx. 419 (3d Cir. 2003) (unpublished) (involving discovery of two rifles under a mattress), the Court of Appeals upheld the validity of a very similar search under the "plain view" doctrine. *Id.* at 422-23 (citing *Horton v. California*, 426 U.S. 128, 136-37

(1990)).  The officers were clearly within the parameters of their lawful rights, if not their sworn duty, to seize unlawful firearms found during the execution of a lawfully issued search warrant irrespective of such firearms not having been specifically listed among the items to be seized. Again, Defendant's objection is without merit.

For the reasons set forth above, Defendant's MOTION TO SUPPRESS EVIDENCE (*Document No. 51*) is **DENIED**.

So **ORDERED** this 9th day of May, 2007.


BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge


cc:      Charles A. Eberle, AUSA
         Email: charles.eberle@usdoj.gov

         Linda E.J. Cohn, Esquire
         Email: linda_cohn@fd.org