# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:05-cr-71 |
| v. | ) | |
| DEMETRIUS FORD | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This case has been remanded by the United States Court of Appeals for the Third Circuit for re-sentencing in light of the decision of the United States Supreme Court in *Chambers v. United States*, 129 S. Ct. 687 (2009). The issue now before the Court is whether the government should be permitted to supplement the record.

Factual and Procedural History

On July 11, 2007, Ford entered a conditional plea of guilty to possession of a firearm by a convicted felon and reserved the right to appeal the issue of whether he is subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). This Court, in accordance with *United States v. Luster*, 305 F.3d 199 (3d Cir. 2002) (even a walk-away escape is a "powder keg"), determined that Ford's conviction for Escape under Pennsylvania law was, categorically, a crime of violence, and thus served as the third predicate ACCA offense. *See* Tentative Findings and Rulings dated November 14, 2007 (Document No. 69). Therefore, the Court imposed the statutory mandatory minimum sentence of fifteen years (180 months) imprisonment. Ford then appealed.

The Court of Appeals initially stayed Ford's appeal pending the decision of the Supreme Court in *Chambers*. On February 4, 2010, the Court of Appeals issued an Opinion which vacated Ford's sentence and remanded the case to this Court for re-sentencing. In pertinent part, the Court of Appeals explained that the Pennsylvania Escape statute, 18 Pa.C.S.A. § 5121(a), criminalized both "escape from custody" and "failure to return to custody," the latter of which,

after *Chambers*, would not constitute a violent felony. The Court of Appeals concluded that "it is critical to determine which of the two offenses Ford pled guilty to committing" and that it was "not possible to do so based on the present record." Citing *Shepard v. United States*, 544 U.S. 13, 26 (2005), the Court of Appeals noted that sentencing courts may consider only: (1) the terms of the charging document; (2) the terms of a plea agreement; (3) the transcript of the colloquy between the judge and defendant in which the factual basis for the plea was confirmed by the defendant; or (4) some comparable judicial record of this information. The Court then directed this Court to use its "informed discretion" to decide whether to permit the government to supplement the record by submitting a transcript of the state court plea colloquy, noting that it was the government's burden to present a "persuasive reason" why fairness so requires. If this Court decides that it is appropriate to consider the colloquy, it must then determine whether the Escape constitutes a violent felony by employing the analysis required by *Begay v. United States*, 553 U.S. 137 (2008), *Chambers*, and *United States v. Hopkins*, 577 F.3d 507 (3d Cir. 2009), none of which had been decided at the time of Ford's initial sentencing.

In accordance with the instructions of the Court of Appeals, this Court asked the parties to brief the issue of whether the government should be permitted to introduce the Escape plea hearing colloquy. The government filed its brief on March 30, 2010, with an addendum on April 3, 2010 (Document Nos. 90, 91). The Court granted two requests for extensions of time by defense counsel, but nevertheless, she failed to file a response. After the expiration of the latest revised deadline, the Court granted the government's motion to introduce the plea colloquy as unopposed. Subsequently, the Court permitted defense counsel to obtain another, retroactive, extension of time, and Defendant filed a brief on June 11, 2010 (Document No. 100). The Court's Text Order dated May 21, 2010 is hereby VACATED, and the government's motion to introduce the Escape plea colloquy transcript is now ripe for disposition. Defendant's Memorandum in Aid of Re-Sentencing was filed on June 18, 2010.

Legal Analysis

The government contends that it should be permitted to introduce the Escape plea colloquy transcript to establish that Ford committed an ACCA predicate violent felony. The government points out that at the time of the initial sentencing, it relied on the established circuit precedent in *Luster* that any Escape was categorically a crime of violence, and thus, it was unnecessary to introduce the plea colloquy.[1] The government reasons that due to the subsequent, intervening development in the law as set forth in *Chambers*, the Court must now differentiate between an escape from custody and a failure to report and, accordingly, the plea colloquy has now become material and pertinent. In its Addendum, the government relies on *United States v. Hagenow*, 487 F.3d 539 (7th Cir. 2007), in which the government was permitted to introduce a plea colloquy transcript on remand after an intervening change in the law.

In essence, Defendant argues that the government should not be given a second bite at the apple. Defendant contends that the government knew that his challenge to the Escape conviction as an ACCA predicate offense was the key issue in the case from at least the date of his conditional plea hearing. Defendant further notes that pursuant to the existing authority of *Shepard*, the Escape plea colloquy could have been introduced at the initial sentencing proceeding and the government had a full and fair opportunity to do so. Indeed, the government introduced various other materials regarding the Escape conviction. Defendant acknowledges the existence of *Luster* but argues that there was a hotly-contested circuit split on the escape issue at the time and that he had argued vigorously that *Luster* either did not apply and/or should be overruled. Defendant further contends that the colloquy was relevant to establish that the Escape was a felony, irrespective of *Luster*. Finally, Defendant attempts to rebut the government's reliance on *Hagenow*.

This Court acknowledges that it should be extremely reluctant to permit the government

---

[1] As noted above, this Court's Tentative Findings and Rulings also concluded that *Luster* constituted controlling precedent and commented: "The Court need not examine a police report to determine if the escape was non-violent (as there is no such thing under Pennsylvania law.)"

3

to reopen the record. *United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000). However, under the circumstances of this case, the Court concludes that the government has articulated a persuasive reason to introduce the Escape plea colloquy at re-sentencing. Although the colloquy may have been <u>relevant</u> and admissible at the initial sentencing proceeding, it was not <u>necessary</u> under existing circuit precedent or this Court's Tentative Findings. At that time, Escape was categorically considered to be a "violent crime." *See Hagenow*, 487 F.3d at 543 (government knew that colloquy was admissible at initial sentencing hearing, but law was not clear that crime of violence could not be demonstrated by alternative method). It was understandable and justifiable for the government to rely on the existing state of the law. The government was not required to anticipate the effect of a subsequent decision of the Supreme Court in *Chambers*. *See, e.g., American Civil Liberties Union v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008) (intervening change in the law is an extraordinary circumstance that justifies reconsideration of previously resolved issues). *Chambers* has materially altered the legal landscape and this Court must now determine the categorical type of Escape which Defendant committed. As the *Hagenow* Court reasoned: "We believe this intervening case law warrants a departure from the general rule that the government does not receive multiple opportunities to present evidence in support of a sentencing enhancement." 487 F.3d at 543.[2]

The Court will permit the government to introduce the Escape plea colloquy transcript in support of its contention that Ford qualifies as an armed career criminal. As the Court of Appeals for the Third Circuit has recognized, the existing record is insufficient to decide this issue and consideration of a plea colloquy transcript is authorized under *Shepard*. Defendant will be provided with a full opportunity to respond to this evidence at the re-sentencing hearing, *see United States v. Dickler*, 64 F.3d 818, 831 (3d Cir. 1995), and both parties will be permitted to argue as to whether the Escape constitutes an ACCA predicate violent felony by employing the

---

[2]Defendant's attempt to distinguish *Hagenow* based on the types of documents at issue is not persuasive. The relevant inquiry is whether intervening changes in the law justified the government's request to submit additional evidence at re-sentencing.

4

analysis required by *Begay*, *Chambers*, and *Hopkins*.

In accordance with the foregoing, the government's motion to supplement the record with the Escape plea colloquy transcript is **GRANTED** and the re-sentencing hearing will proceed as currently scheduled on Thursday, June 24, 2010 at 1:30 p.m. The government shall provide a copy of the transcript to the Court and to defense counsel immediately, so that it may be reviewed in advance of the hearing.

So **ORDERED** this 21st day of June, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Charles A. Eberle, AUSA
Email: charles.eberle@usdoj.gov

Linda E.J. Cohn, Esquire
Email: linda_cohn@fd.org